Hillsborough, } No. 3357.
Dec. 1, 1942. }

JOSEPH BENNETT *v.* ALFRED DUPUIS.

*Chretien & Craig,* by brief, for the plaintiff.

*Wyman, Starr, Booth, Wadleigh & Langdell (Mr. Louis E. Wyman* orally), for the defendant.

PAGE, J.   On May 1, 1940, the defendant, an automobile sales-man, demonstrated a car for the plaintiff.   After the defendant had driven the car for some distance in the streets of Manchester, he told the plaintiff that he might drive.   The parties thereupon exchanged seats.   The car was equipped with the modern gearshift, with a lever mounted on the steering-post just under the wheel.   The plain-tiff remarked that he knew nothing about this shift, and the de-fendant replied that he would show him how to operate it.   The plaintiff started the motor, and the shifts were effected, the plain-tiff throwing the clutch and the defendant operating the shift-lever. There was a dispute whether the plaintiff also had his hand on the lever, but the dispute is of no importance.   The shifts to high speed were completed successfully.

The plaintiff thereafter drove the car for a quarter of a mile or more.   Another car then approached from the opposite direction. The defendant testified that the plaintiff was over on his left side of the road, and that he told the plaintiff to "pull to the right." The defendant himself took hold of the steering-wheel and turned it to the right.   He further said that he told the plaintiff to apply the brake.   Instead of stopping, the car picked up speed, left the road and hit a tree.   The plaintiff was injured.

The plaintiff's story was that each of the two cars was on its own right hand side of the road, and that they would have passed safely if nothing had been done.   He admitted, however, that the de-fendant told him to "pull to the right," but asserted that he was already doing so before he got this advice.   He therefore knew that there was occasion to get over if he was to avoid collision with the other car.   He claimed that it was the defendant's act in turning the wheel that caused the accident.   Whether in this state of the evi-dence an issue was presented as to the defendant's fault need not be considered.   There is no conflict on another issue which is determi-native.

The plaintiff had never been licensed to drive a motor vehicle. This fact the plaintiff did not disclose, and the defendant had no

knowledge or notice of it when he permitted the plaintiff to drive. The only doubt the plaintiff had of his own fitness was a doubt that he could operate the gear-shift. The defendant helped him to do that. If he incidentally instructed him in this regard, he gave him no general instruction as to the operation of a car on the highway, and the plaintiff's lack of knowledge as to shifting gears had no causal connection with his injuries. His driving without a license is therefore not excused by P. L., c. 101, s. 10. Confident that he could perform all the other operations without help or instruction, the plaintiff did not disclose the facts that he had no license and that he had never before driven on the highway. His only experience in the operation of a car had been seven years earlier, when, as a boy of fourteen, he claimed to have driven a car on a vacant lot some twenty-five miles. His remark about his lack of knowledge of the gear-shifts carried the necessary implication that he was otherwise a competent operator. Indeed, he testified at the trial that he fully believed himself to be such. He did not present himself for instruction in any sense except one that had no connection with the accident whatsoever.

But his unfitness to drive on the highway must be found to be causal. Under the rule announced in *Johnson* v. *Railroad*, 83 N. H. 350, the plaintiff's lack of a driver's license would be causal as a matter of law and would bar his recovery. Since that decision, P. L., c. 101, s. 9 has been amended by Laws 1937, c. 69, providing that "if any person shall operate a motor vehicle in violation of this section such violation in any civil action shall be *prima facie* evidence of his unfitness to operate a motor vehicle." *Prima facie* evidence may of course be rebutted. In this instance there is nothing to rebut it except the plaintiff's own insistence that he was made a fit operator by running a car about a vacant lot seven years before. That has no significance in view of the fact that he had no experience at all in operating a car on the highway. The object of the statute is highway safety. As a preliminary to the issuance of a driver's license, it is accordingly required, as we take judicial notice, that a license to drive (which involves a certification of fitness) shall not issue until after an examination of the candidate's operating efficiency upon the highway. The plaintiff lacks any evidence that he was a fit person to operate on the highway, either by examination, by license, or by experience. Without any rebuttal of the presumption set up by the statute, he cannot recover.

*Judgment for the defendant.*

All concurred.